**Roy F. GILBERT d/b/a Consulting Economists, Appellant,**

**v.**

**Tom L. PETTIETTE, Individually and d/b/a Akins & Pettiette, and Marty R. Akins, Individually and d/b/a Akins & Pettiette, Appellees.**

No. 01–91–00729–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 24, 1992.

M. Suzy Ingle, Ingle & Ingle, Houston, for appellant.

Charles. B. Kirklin, Tom L. Pettiette, Houston, for appellees.

Before SAM BASS, JONES and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant's suit on an alleged $5,448.25 debt produced a transcript of 393 pages, a jury trial lasting 8 days, a statement of facts of 1,285 pages, and pretrial attorney's fees for appellant of almost $14,000, paid in full. The jury found that appellant was owed $125 and found zero attorney's fees for both parties. Because the jury found appellant waived his right to recover by breaching an agreement with appellees to settle the case, the trial judge rendered a take-nothing judgment. We reverse and render in part, and remand in part.

Appellees, who are attorneys, hired appellant, a Texas A & M professor, in 1985 as an expert witness in a toxic tort lawsuit. Appellant's agreed fee was $125 per hour. Appellees paid $9,556.75 to appellant for his services, but refused to pay more because they claimed appellant performed work after December 16, 1985, that they never requested. Appellees claimed the only unpaid service they requested was that appellant read his deposition prior to trial. Appellant's unpaid bill for $5,448.25 included a charge of $125.00 for "preparation for court testimony."

In February of 1987, the toxic tort case settled, and appellant sent his final bill. After repeated demand letters, appellant sued in October of 1989.

On December 13, 1990, appellant's attorney sent a letter demanding payment of the "total amount that is owed" within 15 days, but the letter did not state the total amount owed. The letter stated appellees owed "$5,448.25 together with allowable interest" and that appellant had incurred attorney fees, but it did not state the amount due for interest or for attorney's fees. Nevertheless, both parties stated at oral argument that they considered this an offer to settle for $5,448.25. We accept this stipulation.

Appellees responded by sending a check for $5,448.25 marked "Full and Final Payment." On the back, it stated:

> Endorsement of this check constitutes a full, final and complete release, *indemnity*, settlement and satisfaction of *any and all claims and/or causes of action that arise or may arise out of cause #s 84-75865 [the toxic tort case] and 553128 [the present case.]*

(Emphasis added.)

Appellant rejected the check, whereupon appellees filed a counterclaim, alleging that, by rejecting the check, appellant breached a contract to settle for $5,448.25.

The jury found appellant was owed $125; that the parties had agreed to settle; that appellant breached the agreement to settle; and that appellant had waived his right to recover.

In his first point of error, appellant asserts the trial judge erred in submitting questions on appellees' breach of contract claims. We agree. We hold that, as a matter of law, there was no agreement to settle, and therefore, appellant did not waive his right to recover by breaching it.

An acceptance must not change the terms of an offer; if it does, the offer is rejected. *Chapman v. Mitsui Eng'r and Shipbuilding Co.*, 781 S.W.2d 312, 316 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Acceptance must be identical with the offer in order to make a binding contract. *Droemer v. Transit Mix Concrete of Gonzalez, Inc.*, 457 S.W.2d 332, 335 (Tex.Civ.App.—Corpus Christi 1970, no writ). Where "negotiations" are in writing, the question of whether an offer was unconditionally accepted is primarily a matter of law for the court. *Langford v. Bivins*, 225 S.W. 867, 869 (Tex.Civ.App.—Amarillo 1920, writ dism'd w.o.j.).

Appellees never accepted appellant's offer. They rejected it by offering a new condition, indemnity for "any and all claims and/or causes of action that arise or may arise out of (the toxic tort case)." Indemnity was not part of appellant's offer. Indemnity shifts the entire burden of loss from one party to another. *B & B Auto Supply, Sand Pit, and Trucking Co. v. Central Freight Lines*, 603 S.W.2d 814, 816 (Tex.1980). In the toxic tort case, approximately 180 families were represented by approximately 12 or 13 lawyers and 18 experts were involved. Requiring appellant to indemnify appellees for "any and all claims" arising from the toxic tort case was a new and onerous condition on the original offer.

Appellees contend the indemnity clause was no reason to reject the check because appellant testified he would have agreed to indemnity. We disagree. Appellant testified he rejected the check because he was not willing to give such an unlimited indemnity. He testified he would have agreed to indemnify appellees only for claims that *he*

had against them or that another had against them due to his conduct.

A material change in a proposed contract constitutes a counter-offer, which must be accepted by the other party. *Chapman*, 781 S.W.2d at 316. As a matter of law, appellant had a right to reject appellees' counter-offer, and he did. Therefore, submitting appellees' breach of contract questions to the jury was error.

Error in the jury charge is reversible if, when viewed in the light of the totality of the circumstances, it amounted to such denial of the rights of the complaining party as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986); TEX.R.APP.P. 81(b)(1).

Appellees' counterclaim received much attention during trial and in the jury charge. Five of the eight questions the jury answered dealt with appellees' breach of contract claim. *See H.E. Butt Grocery Co. v. Johnson*, 226 S.W.2d 501, 503–506 (Tex.Civ.App.—San Antonio 1949, writ ref'd n.r.e.). Moreover, we recognize that offers to compromise are generally inadmissible because of their potential to distract the jury's attention away from the controlling issues. TEX.R.CIV.EVID. 408. Nevertheless, the unique facts here suggest that the counterclaim probably did not interfere with appellant's presentation of his case. The basic dispute at trial was whether appellees asked appellant to do anything after December 16, 1985, other than read his deposition to prepare for trial. Appellees claimed that was the only unpaid service they requested. They admitted they had not paid for that work, and did not dispute appellant's charge of $125 for that task. Appellant claimed appellees requested much more of him. By finding that appellees owed appellant only $125 for his work after the tort case settled, the jury showed it believed appellees and did not believe appellant. Under this record,

the jury's finding of $125 in damages cannot be coincidental. *See Gray v. Floyd*, 783 S.W.2d 214, 217 (Tex.App.—Houston [1st Dist.] 1990, no writ). It is perfectly consistent with appellees' testimony and wholly at odds with appellant's. Nothing suggests that the counterclaim interfered with appellant's claim for damages.

We hold, however, that submitting appellees' counterclaim probably interfered with the jury's determination of appellant's request for attorney's fees. As the prevailing party, appellant was entitled to attorney's fees, and the jury's finding of zero is probably explained by its finding that appellant breached a contract to settle.

We sustain point one in part.

In his second point of error, appellant asserts the trial judge erred by submitting appellees' waiver defense because there was no evidence he waived his contract claim. We agree.

Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396, 401 (Tex.1967). After appellees sent their check, appellant had two choices: 1) accept the check along with its conditions; or 2) refuse the check and continue this suit. *Groves v. Sawyer*, 384 S.W.2d 193, 194 (Tex.Civ.App.—Eastland 1964, writ ref'd n.r.e.). Accepting the check required accepting the indemnity. By rejecting the check, appellant was actually preserving, not waiving, his right to collect his money unburdened by unlimited indemnity exposure. *Id.*

Because no evidence showed appellant intentionally relinquished his rights, we hold the trial judge erred in submitting the waiver issue. Because the take-nothing judgment was based on the jury's affirmative answer to the waiver question, we hold the error was harmful. TEX.R.APP.P. 81(b)(1). We can cure the error by reversing the take-nothing judgment and rendering judgment for appellant for $125. TEX. R.APP.P. 80(b), 81(c).

Appellant's second point of error is sustained to that extent.

In his third point of error, appellant asserts, in the alternative, that the jury's finding of $125 as his damages was against the great weight and preponderance of the evidence. We overrule this point of error. Appellees testified that the only work they requested from appellant after December 16, 1985, was that he review his deposition to prepare for trial. Appellant billed $125 for this task, the exact amount of the verdict. If, as it appears, the jury believed appellees' testimony, then appellant's own bill supports the damage award.

The fourth point of error asserts that, because appellant should have been the prevailing party, the trial judge erred in not ordering a new trial on attorney's fees and in awarding costs to appellees. We agree.

As a result of our reversal and rendition, appellant is the prevailing party. Thus, he is entitled to costs, TEX.R.CIV.P. 131, and to attorney's fees. *Gerdes v. Mustang Exploration Co.*, 666 S.W.2d 640, 645 (Tex.App.—Corpus Christi 1984, no writ).

Point of error four is sustained.

We reverse the take-nothing judgment, render judgment of $125.00, and costs in the trial court, in favor of Roy F. Gilbert d/b/a Consulting Economists against Tom L. Pettiette, Individually and d/b/a Akins & Pettiette, and against Marty R. Akins, individually and d/b/a Akins & Pettiette, and sever that part of the judgment. TEX. R.APP.P. 81(b)(1). We remand appellant's claim for attorney's fees to the county court for a new trial.