**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20219**
_____

**BETTER ENTERPRISES CORPORATION, INC.,**

**Plaintiff - Counter Defendant - Appellant,**

**versus**

**QUANTUM CHEMICAL CORPORATION, Et Al,**

**Defendants,**

**QUANTUM CHEMICAL CORPORATION,**

**Defendant - Counter Claimant - Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CA-H-94-1121)**
_____

April 10, 1997

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This court has considered appellant's position in light of the fine arguments of counsel, briefs, and pertinent portions of the record. Having done so, we conclude, as did the district court, that there was no meeting of the minds by the parties on the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

sale price of the ASP sufficient to form a contract. The issue was appropriately treated as one of law because the parties' negotiations occurred in writing. Gilbert v. Pettiette, 838 S.W.2d 890, 893 (Tex. App. -- Hou. [1st Dist.] 1992, no writ). Better's "acquiescence" in a sale price of $850,000 lasted less than two weeks until Better itself sought to change the price allegedly based on omission of certain equipment from the sale. After that point, the parties' negotiations failed to produce an agreed sales price, much less a signed contract with the required 50% down payment.

The district court also correctly rejected Better's DTPA, negligent misrepresentation and fraud claims. The DTPA claims boil down to allegations of breach of contract, which are not actionable under the DTPA. Crawford v. Ace Sign, 917 S.W.2d 12 (Tex. 1996). We are unpersuaded that Better produced evidence of fraudulent or negligent misrepresentations by Quantum of the exact equipment available or of Quantum's intent to sell to Better.

The trial court's grant of judgment as a matter of law is therefore AFFIRMED.