**Roy F. GILBERT, d/b/a consulting economists, Appellant,**

v.

**Tom L. PETTIETTE, individually and d/b/a Akins & Pettiette and Marty R. Akins, individually and d/b/a Akins & Pettiette, Appellees.**

No. 01–99–00245–CV.

Court of Appeals of Texas,
Houston [1st Dist.].

Dec. 23, 1999.

Margaret Susan Ingle, M. Susan Ingle, P.C., Houston, for Appellant.

Geoffrey P. Pivateau, Wintroub, Rinden, Sens & McCreary, Austin, Charles B. Kirklin, Kirklin, Boudreaux & Leonard, P.C., Daryl L. Moore, Attorney at Law, Sharon S. McCally, Moore & McCally, P.C., Houston, for Appellee.

Panel consists of Justices COHEN, NUCHIA, and DUGGAN.[1]

## OPINION

SAM NUCHIA, Justice.

This is an appeal of a take-nothing judgment rendered after the trial court granted appellees' motion for directed verdict. We reverse the judgment and remand the case for trial on the issue of attorney's fees.

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas

## BACKGROUND

Appellees, Tom L. Pettiette and Marty R. Akins, who are attorneys, hired appellant, Roy F. Gilbert in 1985 as an expert witness in a toxic tort lawsuit. The lawsuit settled in 1987, and a dispute arose between Gilbert and the lawyers regarding the payment of Gilbert's final bill for $5,448.25. Gilbert sued the lawyers in 1989 for $5,448.25 plus interest and attorney's fees. After filing the lawsuit, Gilbert sent a letter to the lawyers offering to settle the claim for $5,448.25. The lawyers sent a check to Gilbert for that amount, but on the back of the check they put a notation that endorsement of the check would constitute a full and final release, *indemnity*, settlement, and satisfaction of any and all claims that "arise from or may arise from" the toxic tort case and the suit filed by Gilbert. Gilbert did not endorse the check, and the lawyers filed a counterclaim for breach of the contract to settle for $5,488.25.

Trial in the case was to a jury, which found that Gilbert was owed $125 by the lawyers, but that he had waived his right to recover because he breached the settlement agreement. The jury also found zero attorney's fees for Gilbert. The trial court rendered a take-nothing judgment, and Gilbert appealed. This Court, in appeal number 01–91–00729–CV, determined that Gilbert's letter and the lawyers' check in response to the letter did not constitute a settlement agreement, but was an offer and counter-offer without acceptance. We held that the court's submission of the lawyers' counterclaim probably interfered with the jury's determination regarding attorney's fees. Because Gilbert, as the prevailing party, was entitled to attorney's fees, we reversed the judgment and remanded the case to the trial court for a new trial on the issue of attorney's fees. *See Gilbert v. Pettiette*, 838 S.W.2d 890

at Houston, participating by assignment.

(Tex.App.—Houston [1st Dist.] 1992, no writ).

The case was retried in 1996, and a jury awarded Gilbert $56,000 in attorney's fees. The trial court granted the lawyers' motion for new trial.

The third trial in this case was held on November 2, 1998. The trial court granted the lawyers' motion in limine, which included the following prohibitions:

> 16. Any reference to a gross amount of attorney's fees sought until such time as these fees are segregated to indicate what fees are directly attributable to the $125.00 result achieved and thus potentially recoverable.

> 17. Any reference to attorney's fees incurred subsequent to April 19, 1991.

M. Susan Ingle, attorney for Gilbert from the beginning of this case in 1989, testified as an expert witness regarding attorney's fees. She testified that she was hired by Gilbert to collect the debt owed to him by the lawyers, and that the customary hourly rate for debt collection "right now" is $150 per hour. When she was asked to testify regarding whether the case was complex, the trial court sustained the lawyers' objection that the kind of case was not relevant. She was permitted to testify that the original claim was about $5,400 and that the present judgment was for $125, but she was not allowed to testify regarding the nature of the claim.

Because of the motion in limine, Gilbert's trial counsel approached the bench and said he wanted to introduce Gilbert's billing records from the inception of the case until the present time. The trial court sustained the lawyers' objection. Gilbert then made a bill of exception and introduced into evidence, for the purpose of the bill, plaintiff's exhibits 1 and 1–A, which were itemized invoices prepared by Ingle for work on the case from 1989 to the time of the third trial. He also offered plaintiff's exhibit 4, which was billing records by Jeffrey S. Reddall, trial counsel on remand, for his work on the case. The lawyers objected generally and also objected that the billing records did not segre-

gate the work relating to the judgment for $125 from the work on the claim for $5,400. The court admitted the exhibits only for the purpose of the bill of exceptions. Ingle also testified in the bill of exception that the services rendered were necessary and that the charges were reasonable, based on her knowledge of fees in and around Harris County.

When the jury returned to the courtroom, Gilbert offered plaintiff's exhibits 1 and 1–A. The lawyers objected, and the trial court sustained the objection. Ingle was asked how much she charged for her services in the case. The lawyers objected that Gilbert was trying to invade the Court's prior ruling and that the question was irrelevant because the trial was about what is a reasonable amount of attorney's fees for the $125 judgment. The trial court sustained the objection.

Gilbert testified that he was hired by the lawyers to provide services, he provided those services, and he hired Ingle to collect his final bill to the lawyers. The lawyers' objections to his testimony regarding the nature of the services provided, how much he paid Ingle, how much he paid Ingle through April 1991, and how much he paid to get a judgment for $125 were sustained.

After Gilbert rested, the lawyers moved for directed verdict, arguing that there was no evidence as to the reasonableness and necessity of any attorney's fees to collect $125. The trial court granted the motion.

## DISCUSSION

### *Exclusion of Evidence*

■ In his first issue, Gilbert contends the trial court abused its discretion by refusing to allow Gilbert's expert witness to testify about the nature and extent of his attorney's fees and costs incurred to collect the debt owed by the lawyers.

■ We review the exclusion of evidence for abuse of discretion. *See City of*

*Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995).

One of the arguments made by the lawyers in support of their motion in limine and their objections to the testimony and admission of billing records by Gilbert was that Gilbert was required to segregate the legal work performed to obtain the judgment for $125 from the legal work in prosecuting the claim for $5,448.25.

■ A party has a duty to segregate non-recoverable fees from recoverable fees. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10–11 (Tex.1991). However, in this case, Gilbert was not making one claim for $5,448.25 and a second claim for $125. He made only one claim for $5,448.25. The jury, in the trial of Gilbert's claim, found that the lawyers owed Gilbert $125. The remaining $5,323.25 did not constitute a claim on which attorney's fees were not recoverable; it was simply an amount not awarded by the jury. We hold that Gilbert was not required to segregate his attorney's fees relating to his judgment for $125 from his attorney's fees relating to his claim for $5,448.25.

■■ The determination of reasonable attorney's fees is a question for the trier of fact. *Stamp–Ad, Inc. v. Barton Raben, Inc.,* 915 S.W.2d 932, 937 (Tex.App.—Houston [1st Dist.] 1996, no writ). The attorney's fees awarded should bear some reasonable relationship to the amount in controversy. *Murrco Agency, Inc. v. Ryan,* 800 S.W.2d 600, 606 (Tex.App.—Dallas 1990, no writ). However, the amount of damages is only one factor to be considered. *Id.* at 607. Other factors to be considered include the nature and complexity of the case, the amount of time and effort required, and the expertise of counsel in arriving at a reasonable amount as attorney's fees. *Stamp–Ad, Inc.,* 915 S.W.2d at 937.

In this case, Gilbert was not permitted to present any evidence of the complexity of the case, the amount in controversy, or the amount of time and effort required because the trial court sustained all of the lawyers' objections to testimony about these factors. The court's refusal to allow any testimony regarding these factors was an abuse of discretion.

■ Having determined that the exclusion of testimony was an abuse of discretion, we must determine whether it was reversible error. For the erroneous exclusion of evidence to be reversible error, the appellant must show that the error probably resulted in the rendition of an improper judgment. *See McCraw v. Maris,* 828 S.W.2d 756, 757–58 (Tex.1992).

In this case, the absence of any evidence regarding the complexity of the case, the time spent by the attorney on the case, the fees charged by the attorney, and the reasonableness of those fees was due entirely to the trial court's erroneous ruling. This error probably resulted in the rendition of an improper judgment on the directed verdict against Gilbert and was, therefore, reversible error.

Accordingly, we sustain Gilbert's first issue.

In light of our determination that the exclusion of testimony regarding the nature and extent of Gilbert's attorney's fees was reversible error, his second issue contending that the trial court erred in granting the directed verdict is moot, and we need not address it.

We reverse the judgment of the trial court and remand for a new trial on the issue of attorney's fees.