**CITY OF WACO, Appellant,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
Appellee.

No. 01–98–00099–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 23, 2000.

Rehearing Overruled May 2, 2000.

---

Terri Barziza Mosser, J. Anthony Alvarez, Houston, for Appellant.

Patricia Mcgarvey Rosendahl, Houston, for Appellee.

Panel consists of Justices MIRABAL, WILSON, and ANDELL.

## OPINION

DAVIE L. WILSON, Justice.

In this case of first impression in Texas, we are asked to decide whether an insurer's exclusion for law enforcement activities applies to the operation of a jail. The trial court granted the insurance company's motion for summary judgment, which was, in part, based on the law-enforcement exclusion. We hold the exclusion applies to jail operations and affirm.

### Facts

This is a subrogation suit between two insurance companies. Appellant, the City of Waco, purchased a comprehensive general liability insurance policy from appellee, St. Paul Fire and Marine Insurance Company. The policy contained the following endorsement:

### LAW ENFORCEMENT EXCLUSION

In consideration of the premium charged, it is hereby understood and agreed that this policy does not cover any loss for which the insured under this policy, (as defined by endorsement 1) becomes legally obligated to pay as damages arising from any act, or failure to act, of any of your law enforcement agencies, agents, employees or volunteers.

Waco also purchased a comprehensive law enforcement liability insurance policy from the real party in interest, National Casualty Company a/k/a Scottsdale Insurance Company. National Casualty's law enforcement liability policy based its premium calculation in part on the number of "Class B Employees" employed by Waco, which included jailers and matrons.

In the underlying lawsuit, J.H. was sexually assaulted while he was detained in Waco's jail. In September 1986, J.H. notified the City of his claim. The City then notified St. Paul and its local agent, Berkman & Woods. St. Paul orally notified Waco that St. Paul's general liability insurance policy did not apply due to the law-enforcement exclusion. Waco eventually notified National Casualty of J.H.'s claim.

In September 1987, J.H. sued Waco for negligence and a section 1983 violation. 42 U.S.C. § 1983 (1994); *Hester v. City of Waco*, No. 87–3406–3 (74th Dist. Ct., McLennan County, Tex.). Waco notified National Casualty of the suit, but not St. Paul. J.H. prevailed in the trial court, and the Waco Court of Appeals reformed the judgment, and, as reformed, affirmed. *City of Waco v. Hester*, 805 S.W.2d 807 (Tex.App.—Waco 1990, writ denied). J.H. received a recovery in excess of $350,000, which Waco and National Casualty paid in August 1992.

In January 1994, National Casualty, as subrogee of Waco, sued St. Paul for breach

of contract for failing to defend and indemnify Waco based on St. Paul's general liability insurance policy. St. Paul moved for summary judgment based on (1) Waco's alleged failure to give notice of J.H.'s lawsuit and (2) limitations. National Casualty filed its own motion for partial summary judgment, and St. Paul filed a second motion for summary judgment based on the law-enforcement exclusion. The trial court rendered a final take-nothing summary judgment in favor of St. Paul, without specifying the grounds. National Casualty brings 38 points of error.

## Discussion

A party moving for summary judgment has the burden of proving there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, we accept the evidence that favors the nonmovant as true and indulge all reasonable inferences and resolve all doubts in favor of the nonmovant. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). When the defendant produces competent evidence to negate a necessary element of the plaintiff's cause of action, to preclude summary judgment, the plaintiff must introduce evidence sufficient to raise a fact issue with respect to the element the defendant seeks to negate. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). We must affirm the judgment if any theory advanced by a defendant in its motion is meritorious. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996).

■ St. Paul contended in its second motion for summary judgment that the law-enforcement exclusion applied to the operation of the Waco jail and, thus, St. Paul owed no duty to Waco under the general liability insurance policy. National Casualty challenges that ground for summary judgment in its points of error one and four through 10.

■ Insurance policies are subject to the same rules of construction as other contracts. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex.1997). The policy must be considered as a whole and effect given to each part if reasonably possible. *National Sec. Life & Cas. Co. v. Davis*, 152 Tex. 316, 257 S.W.2d 943, 944 (1953). The plain, ordinary, and generally accepted meaning of words is preferred unless the policy itself shows that the terms have been used in a technical or different sense. *Ramsay v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344, 346 (Tex.1976). If an insurance contract can be given more than one meaning, it is ambiguous, and the interpretation that most favors coverage will be adopted. *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex.1997). An intent to exclude coverage must be expressed in clear and unambiguous language. *See State Farm Fire & Cas. Co. v. Reed*, 873 S.W.2d 698, 699 (Tex.1993).

In Texas, it is clear that operation of a jail is historically a law enforcement function. County jails are operated by the sheriff, who is unquestionably a law enforcement official. *See* Tex. Loc. Gov't Code Ann. § 351.041 (Vernon 1999) ("sheriff of each county is the keeper of the county jail"). The Texas Commission on Law Enforcement Standards and Education is responsible for training county jailers and guards. Tex. Occ.Code Ann. §§ 1701.001(2), .251(a) (Vernon 2000).

Although we realize that jails operated by home-rule municipalities like the City of Waco do not fall under the statutes cited above, the plain, ordinary, and generally accepted meaning of city jail is that it is a law-enforcement agency within the meaning of St. Paul's exclusion. City jails are operated by police departments, which are unquestionably law-enforcement agencies. According, we hold that St. Paul owed a duty under its comprehensive general lia-

bility insurance policy neither to the City of Waco nor to Waco's subrogee, National Casualty.

We overrule points of error one and four through 10 regarding the law-enforcement exclusion. Because the trial court's rendition of summary judgment was proper based on the law-enforcement exclusion, points of error two, three, and 11 through 38 are moot, and we do not reach their merits.

### Conclusion

The judgment of the trial court is affirmed.