NO. 07-04-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 14, 2005

_____

KIM W. GATEWOOD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 2  OF LUBBOCK COUNTY;

NO. 2003-485,577; HON. DRUE FARMER, PRESIDING

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant, Kim W. Gatewood, appeals his conviction for falsely identifying himself as a police officer in violation of §37.12 of the Texas Penal Code.  His two issues involve the legal and factual sufficiency of the evidence supporting his conviction.  He contends that the evidence was insufficient because the prosecutor failed to establish that the Republic of Texas was an official law enforcement agency.  We affirm.

### Background

Appellant, a member of an organization known as the Republic of Texas, was arrested by a Lubbock police officer after observing appellant wearing a badge.  The latter

was circular with an inset of a large five-pointed star. On the top of the badge appeared the words "Republic of Texas," while on the bottom appeared the word "Sheriff". Imprinted on the star was the word "Texas." So too was appellant found in possession of an identification card and an oath of office. The former, entitled "International Certificate of Competency," purported to certify him as competent to operate "cars, trucks, vans, and cycles." The latter contained an oath depicting that appellant swore to "faithfully execute the duties of the office of deputy sheriff, of the Republic of Texas . . . ."

Prior to his arrest, appellant was in a local restaurant with a group of others belonging to the Republic of Texas. Furthermore, the police were summoned to the establishment when a restaurant employee saw one of the group with a firearm.

### *Law*

The standards by which we review the legal and factual sufficiency of the evidence are found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the parties to them for an explanation of those standards.

Next, to be convicted of falsely identifying oneself as a peace officer, the person must make, provide to another person, or possess "a card, document, badge, insignia, shoulder emblem, or other item bearing an insignia of a law enforcement agency that identifies a person as a peace officer . . ." and "the person who makes, provides, or possesses the item bearing the insignia [must know] that the person so identified by the item is not commissioned as a peace officer . . . as indicated on the item." TEX. PEN. CODE ANN. §37.12(a) (Vernon 2003). According to appellant, the State failed to satisfy the first

2

element because the badge he wore was not an insignia of an "official" law enforcement agency since the Republic of Texas was non-existent.

To the extent appellant argues that the phrase "law enforcement agency" connotes an "official" agency recognized by law, we find authority for the position. *Fallin v. State,* 93 S.W.3d 394, 396 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd). So, it could be said that the entity which the defendant purports to represent must be an "official" law enforcement agency. And, while it may be that the Republic of Texas is not such an agency, as appellant concedes on appeal, the same is not true of the office of "Sheriff." Indeed, state law recognizes that a sheriff is a peace officer in Texas. TEX. CODE CRIM. PROC. ANN. art. 2.12(1) (Vernon Supp. 2004-05). Furthermore, we take judicial notice that the office of sheriff involves both administrative and law enforcement duties.[1]

Next, "a law enforcement agency" has been defined as "an agency of the state or an agency of a political subdivision of the state authorized by law to employ peace officers." TEX. CODE CRIM. PROC. ANN. art. 59.01(5) (Vernon Supp. 2004-05); *see also* TEX. PEN. CODE ANN. §37.08 (Vernon 2003) (False Report to Peace Officer or Law Enforcement Employee) (defining "law enforcement agency" by the definition found in article 59.01 of the Code of Criminal Procedure). And, not only are sheriffs and their deputies peace officers, TEX. CODE CRIM. PROC. ANN. art. 2.12 (1) (Vernon Supp. 2004-05), but also the former is authorized to hire the latter. Therefore, we cannot but conclude that the office of "sheriff"

---

[1]A sheriff is a conservator of the peace in his county and shall arrest all offenders against the laws of the State in his view or hearing and take them before the proper court for examination or trial. TEX. CODE CRIM. PROC. ANN. art 2.17 (Vernon 1977). Thus, he is charged with investigating and enforcing the laws of the state. *Robertson County v. Wymola,* 17 S.W.3d 334, 341 (Tex. App.–Austin 2000, pet. denied). Unquestionably, then, a sheriff is a law enforcement official. *See City of Waco v. St. Paul Fire and Marine Ins. Co.,* 16 S.W.3d 101, 103 (Tex. App.–Houston [1st Dist.] 2000, no pet.).

3

in Texas constitutes an "official" law enforcement agency. This, coupled with the evidence that the word "sheriff" appeared on the badge appellant wore, the badge likened to others utilized by official law enforcement agencies in Texas, the badge contained a lone star (our state's emblem), and the word "Texas" appeared in the star, constitutes sufficient evidence upon which a fact finder could rationally conclude, beyond reasonable doubt, that appellant possessed an insignia of an official law enforcement agency identifying him as a commissioned peace officer. And, that the badge may have also contained language of an entity falling outside the scope of such an agency does not require us to hold otherwise. *See Davis v. State*, No. 05-95-01499-CR, 1997 Lexis 3282 at 7-9 (Tex. App.–Dallas June 25, 1997, no writ) (not designated for publication) (wherein the court found the evidence sufficient to support conviction because the identifying card possessed by Davis contained the words "Department of Public Safety" even though it also indicated that he held the post as an employee of a private railroad holding company). Finally, no other evidence of record, when considered alone or *en masse* would render the factual finding to which we allude manifestly wrong or unjust.

Accordingly, we overrule the two issues and affirm the judgment of the trial court.


Brian Quinn
Justice

Publish.

4