Opinion issued May 11, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00831-CV




JOHN STOCKTON, Appellant

V.

MITCHELL MORTGAGE COMPANY, L.L.C., Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 03-CV-132282




MEMORANDUM OPINION

          In a dispute over entitlement to escrow funds after a real estate transaction
failed, appellant, John Stockton, challenges a summary judgment rendered in favor
of appellee, Mitchell Mortgage Company, L.L.C. (MMC). In three issues on appeal,
Stockton argues that (1) MMC’s summary judgment evidence did not prove as a
matter of law that it had accepted the sales contract and (2) MMC did not present
competent summary judgment evidence that was clear, positive and direct, credible,
and free from contradictions and inconsistencies.
          We affirm.
Background
          In August 2003, Stockton (the buyer) entered into a standard commercial
contract for improved property with MMC (the seller) for real property located in
Houston. As part of the contract, Stockton was required to pay $25,000 in earnest
money not later than three days after the effective date


 of the contract. Stockton was
also required to pay an additional $75,000 in earnest money on or before his right to
terminate expired, or in this case, 15 days after the contract’s effective date. The
contract provided that, if Stockton failed to comply with the contract, MMC could
terminate the contract and receive the earnest money as liquidated damages. Stockton
initially tendered $25,000 in escrow and tendered another $75,000 on September 12,
2003. Before the September 25, 2003 closing on the contract, Stockton backed out. 
When both Stockton and MMC made a request for the escrow money, the escrow
agent, Bruce Badger of the Badger Law Office, filed a petition in interpleader, filed
a suit against MMC and Stockton, and deposited the earnest money into the registry
of the trial court. MMC and Stockton filed cross-actions against each other. MMC
sought summary judgment which the trial court granted, without stating its reasons,
and awarded MMC the earnest money funds. Stockton filed a motion for new trial,
which the trial court denied. 
Summary Judgment
          We review the appeal under the usual standards of review applicable to
traditional motions for summary judgment. Tex. R. Civ. P. 166a(c); see Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995) (stating that all evidence
favorable to non-movant taken as true and reasonable inferences indulged in
nonmovant’s favor); Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985) (defendant-movant bears burden to show no genuine issue of material fact and
entitlement to judgment as matter of law).
Breach of Contract
          Acceptance
          In his first issue on appeal, Stockton argues that MMC’s summary judgment
evidence did not prove as a matter of law that it had accepted the sales contract. 
Specifically, Stockton argues that the contract required acceptance no later than 5:00
p.m. on August 28, 2003


 and that MMC failed to show that this happened or that the
MMC representative had the authority to act on behalf of MMC. 
          MMC responds that the affidavit of John Lingor, the Senior Vice President at
Southwest Bank of Texas, shows that the contract was accepted.


 His affidavit stated
the following:
On or about August 28, 2003, I witnessed John Stockton sign the
Contract, and I informed him that his offer had been accepted by
Mitchell Mortgage Company, and that it would be signed by
Donald Hickey, Senior Vice President of [MMC] later that
afternoon. Later that same day, I witnessed Mr. Donald Hickey
of [MMC] sign the Contract, which I then forwarded to Badger
Law Office, the escrow agent for the transaction. 

          The elements of a valid contract are (1) an offer; (2) an acceptance; (3) a
meeting of the minds; (4) each party’s consent to the terms; and, in the case of a
written contract, (5) execution and delivery of the contract with the intent that it be
mutual and binding. Prime Prods., Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d 631, 636
(Tex. App.—Houston [1st Dist.] 2002, pet. denied). The determination of a meeting
of the minds, and thus offer and acceptance, is based on the objective standard of
what the parties said and did, not on their subjective states of mind. Copeland v.
Alsobrook, 3 S.W.3d 598, 604 (Tex. App.—San Antonio 1999, pet denied). To form
a binding contract, it must appear that the party to whom the offer was made accepted
the offer and communicated his acceptance to the person making the offer. Mann v.
Risinger, 423 S.W.2d 626, 633 (Tex. App.—Beaumont 1968, writ ref’d n.r.e.). An
acceptance must not change the terms of the offer; if it does, the offer is rejected. 
Gilbert v. Pettiette, 838 S.W.2d 890, 893 (Tex. App.—Houston [1st Dist.] 1992, no
writ); Chapman v. Mitsui Eng’r and Shipbuilding Co., 781 S.W.2d 312, 316 (Tex.
App.—Houston [1st Dist.] 1989, writ denied). When “negotiations” are in writing,
the question of whether an offer was unconditionally accepted is primarily a matter
of law for the court. Gilbert, 838 S.W.2d at 893. 
          Lingor’s affidavit states that, after Stockton signed the contract, he told
Stockton that MMC accepted the contract and that Donald Hickey, Senior Vice
President of MMC, would sign the contract later that day. The contract, attached to
MMC’s motion for summary judgment, is signed by both Stockton and Hickey, dated
August 28, 2003, and provides that it is “Executed effective as of August 28, 2003.” 
Lingor’s affidavit also states that he was designated by the senior management of
Southwest Bank of Texas to act as agent for sale of any commercial real estate by
MMC. We conclude that MMC presented competent summary judgment evidence
that it timely accepted the contract. 
          Moreover, the evidence indicates that Stockton proceeded as though MMC had
timely accepted the contract.


 Specifically, Stockton’s own affidavit attached to his
response to the motion for summary judgment states that he was not informed that the
offer had been accepted until he received an e-mail from Badger on September 3,
2004. Despite the late notice, Stockton paid $75,000 in earnest money on
approximately September 12, 2003 in accordance with the contract’s terms. Stockton
also agreed to allow Victor Melton of MMC to access Stockton’s credit report on
September 23, 2003. Stockton also sought financing from another bank besides
Southwest Bank of Texas. Finally, Stockton hired a real estate consultant to assist
him in evaluating the property. In light of Stockton’s conduct, we conclude that even
if acceptance had not been made on August 28, 2003, Stockton waived the time-is-of-the-essence clause. See Puckett v. Hoover, 202 S.W.2d 209, 212 (Tex. 1947) (stating
that “waiver not only may be shown by parol, but may be made to appear from the
circumstances or course of dealing”); 17090 Parkway, LTD. v. McDavid, 80 S.W.3d
252, 255–56 (Tex. App.—Dallas 2002, pet. denied); Wilson v. John Frantz Co., 723
S.W.2d 189, 193 (Tex. App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.).
          Stockton next argues that MMC failed to prove acceptance because it had not
approved financing for the purchase by August 28, 2003. Stockton contends that
MMC’s agreement to provide financing was part of the contract and that there could
be no acceptance if the financing was not in place. To support his contention,
Stockton relies on the financing addendum to the contract. We disagree that the
financing addendum requires MMC to provide financing to Stockton prior to August
28, 2003. The addendum contains no such language; rather, it contemplates financing
at closing pursuant to “Loan Documents to be drafted by counsel for seller; Buyer to
pay all legal fees associated therewith.” Accordingly, we conclude that MMC
presented competent summary judgment evidence of acceptance.
          We overrule Stockton’s first issue on appeal.
          Compliance with Conditions Precedent
          In his second issue on appeal, Stockton argues that MMC’s summary judgment
evidence failed to show that it provided Stockton with a survey within three days after
the effective date of the sales contract and a list of personal property within five days
of the effective date of the contract. 
          Here, section six of the contract provides as follows:
          (1)     Within 3 days after the effective date:
 
                    . . . 
 
                    (c)     Seller will deliver a true and correct copy of Seller’s
existing survey of the Property dated June 3, 2003. 

Exhibit B, an addendum to the contract, provides the following:
Within five (5) days of the date of this contract, Seller shall
deliver to Buyer a list of personal property that is to be conveyed
by the Bill of Sale and Assignment, including, but not specifically
limited to uninstalled HVAC equipment, tub/shower units,
windows and doors.
 
          Stockton argues that these requirements were conditions precedent to his own
duty to perform, that MMC failed to comply with these provisions, and that,
therefore, the parties did not have an enforceable contract. MMC responds that
Lingor’s affidavit shows that MMC provided the survey and a list of personal
property approximately five to seven days prior to August 28, i.e., before the effective
date of the contract. 
          The provisions requiring MMC to provide a survey and a list of personal
property are not conditions precedent. A condition precedent may be either a
condition to the formation of a contract or to an obligation to perform an existing
agreement. Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1, 3 (Tex.
1976). A condition precedent to an obligation to perform is an act or event, which
occurs subsequently to the making of a contract, that must occur before there is a
right to immediate performance and before there is a breach of contractual duty. Id. 
However, when the intent of the parties is doubtful or when a condition would impose
an absurd or impossible result, then the agreement will be interpreted as creating a
covenant rather than a condition. Id. Because of their harshness in operation,
conditions are not favorites of the law. Criswell v. European Crossroads Shopping
Ctr., Ltd., 792 S.W.2d 945, 948 (Tex. 1990). Thus, in construing a contract,
forfeiture by finding a condition precedent is to be avoided when another reasonable
reading of the contract is possible. Id. Normally, in order to create a condition
precedent, an agreement must use a term such as “on condition that,” “if,” “provided
that,” or some similar conditional phrase. Id.; Cal-Tex Lumber Co. v. Owens Handle
Co., 989 S.W.2d 802, 809 (Tex. App.—Tyler 1999, no pet.). By contrast, “a covenant
is a formal agreement or promise, usually in a contract.” Baty v. ProTech Ins.
Agency, 63 S.W.3d 841, 850 n.6 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)
(citations omitted).
          These two provisions are not conditions precedent to Stockton’s performance
of the contract because neither provision contains any language that would indicate
that failure to comply would render the contract void. Rather, we interpret these
provisions as covenants that require MMC to provide the documents. Stockton does
not contend that he did not receive the documents. Instead, he asserts that he did not
receive the documents until after the effective date of the contract. Because Lingor’s
affidavit demonstrated that MMC provided the documents called for in these
provisions, MMC performed its part of the contract.
          We overrule Stockton’s second issue on appeal.
          Credible Evidence
          In his third issue on appeal, Stockton argues that MMC’s “affidavit evidence
is riddled with inconsistencies and contradictions that it fails to meet the standards
required to grant a traditional motion for summary judgment,” and thus it is not
“clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies.” Specifically, Stockton complains about Lingor’s affidavit and a
letter from Lingor to Bruce Badger, the escrow agent, that was attached to MMC’s
motion for summary judgment. Although Stockton objected to these documents in
his response to MMC’s motion for summary judgment, there is no order in the record
sustaining Stockton’s objections, and the order granting summary judgment did not
reflect that the trial court considered his objections.
          A party objecting to the competency of summary judgment proof must obtain
a ruling on its objection or obtain a written order signed by the trial judge and entered
of record, or the objection is waived and the proof remains a part of the summary
judgment record. Rogers v. Continental Airlines, Inc., 41 S.W.3d 196, 200 (Tex.
App.—Houston [14th Dist.] 2001, no pet.) (party waived objections to summary
judgment evidence when there was no order in the record sustaining objections, and
the order granting summary judgment did not reflect that the trial court considered
objections); Well Solutions, Inc. v. Stafford, 32 S.W.3d 313, 317 (Tex. App.—San
Antonio 2000, no pet.) (“In short, a trial court’s ruling on an objection to summary
judgment evidence is not implicit in its ruling on the motion for summary judgment;
a ruling on the objection is simply not ‘capable of being understood’ from the ruling
on the motion for summary judgment.”). Accordingly, Stockton has waived his
complaint.
          We overrule Stockton’s third issue on appeal.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.