**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-20746

RUDY LOVE, doing business as Rudy Love Distributing Company,

Plaintiff - Appellant

v.

D F STAUFFER BISCUIT COMPANY, INC,

Defendant - Appellee

v.

BARBCO, INC,

Intervenor - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.
PER CURIAM:[*]

Vanilla wafers are at the center of this dispute. Rudy Love ("Love") and Barbco, Inc. ("Barbco") claim that D. F. Stauffer Biscuit Company, Inc. ("Stauffer") agreed to sell the snacks to them, but Stauffer disagrees. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court sided with Stauffer and granted summary judgment without a written opinion. Love and Barbco now appeal. After reviewing the record, hearing oral argument, and considering the context of negotiations, we agree with the otherwise taciturn district court that there was no contract and affirm.

First, Love and Barbco conceded at oral argument—and we agree—that the district court had jurisdiction, so we proceed to the merits.

When negotiations take place in writing, we can evaluate offer and acceptance as a matter of law. *Gilbert v. Pettiette*, 838 S.W.2d 890, 893 (Tex. App. 1992). Love and Barbco point to a May 3, 2006, e-mail from a Stauffer employee and characterize it as a year-long firm offer. We disagree. Texas law caps firm offers at thirty days. We think a more reasonable interpretation is to read the e-mail as at best a modification of a previous rejected offer, limited to acceptance within thirty days just as the previous offer required. Neither Love nor Barbco accepted within that time. When Stauffer offered to honor the expired price if Barbco would show the contract to Stauffer, Barbco apparently failed to do so. We can find no Stauffer offer that Barbco accepted.

We find Love and Barbco's other arguments similarly unpersuasive. First, although we agree that the district court erred in ruling *sua sponte* on all of their claims when only presented with a motion for summary judgment on the contract claim, the error was harmless. Second, whether the district court abused its discretion in refusing to continue discovery is a closer issue, but we are not convinced that further discovery would have changed the outcome. Any error was harmless. Third, the district court did not abuse its discretion when it denied Love and Barbco's motion to amend the pleadings. They had ample time to amend, and their amendments would have had no effect.

For these reasons, the judgment of the district court is AFFIRMED.