Sharon A. THURMOND, Appellant,

v.

Randolph H. WIESER, et al., Appellees.

No. 10–85–137–CV.

Court of Appeals of Texas, Waco.

Oct. 31, 1985.

Stephen R. Fontaine, Thomas G. Overbeck, Sleeper, Johnston, Helm & Fontaine, Waco, for appellant.

John D. Malone, Donald E. Raybold, Clark, Malone & Knapp, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff, Sharon Thurmond, from a take-nothing judgment in her suit against defendants for specific performance of an alleged contract to convey real estate.

Plaintiff sued defendants alleging a contract with defendants to purchase defendants' 87 acres, with improvements, for $260,000.00; that plaintiff is ready to proceed; and that defendants refuse to proceed, wrongfully claiming they withdrew their offer to sell prior to its acceptance by plaintiff.

Trial was to the court, without a jury, which rendered judgment that plaintiff take nothing.

The trial court filed Findings of Fact and Conclusions of Law as follows:

### Findings of Fact

1. On or about January 18, 1984, defendants offered to sell plaintiff certain real property known as Bent Tree Farm for $260,000.00.

2. Prior to any attempted acceptance of defendants' offer by plaintiff, Pattie Rose Trippet [plaintiff's real estate agent] conveyed to defendant Barbara Wieser [realtor and co-owner of the property], on behalf of plaintiff, a counteroffer of $250,000.00 for the real property in question.

3. Plaintiff's actions and conduct gave Pattie Rose Trippet apparent authority to act as plaintiff's agent in conveying to defendants the counteroffer found in Finding 2.

4. Prior to any attempted acceptance of defendants' offer (Finding 1), defendants revoked and withdrew their offer to sell the property.

5. Prior to any attempted acceptance of defendants' offer by plaintiff, plaintiff had actual knowledge that defendants had revoked and withdrawn their offer to sell the property.

### Conclusions of Law

1. No contract for the sale of the real property known as Bent Tree Farm was formed.

2. Defendants are entitled to a take-nothing judgment.

Plaintiff appeals on 6 points.

Points 1 through 4 assert that the trial court's findings 2, 3, 4 and 5 are so against the great weight and preponderance of the evidence as to be clearly wrong.

Findings 2 through 5, supra, found that prior to acceptance of defendants' offer to sell the property for $260,000.00, Pattie Rose Trippet counteroffered $250,000.00 to defendants on behalf of plaintiff; that plaintiff's conduct gave Ms. Trippet apparent authority to act as plaintiff's agent in making the counteroffer; and that defendants then withdrew their offer to sell; and that plaintiff had knowledge that defendants had withdrawn their offer prior to plaintiff offering the $260,000.00.

On January 17, 1984, plaintiff drove from Dallas to Waco to look for a house to purchase, and contacted realtor Pattie Rose Trippet. Plaintiffs' employer, Marvin Boyd, had recently purchased a house through Ms. Trippet and Ms. Trippet had previously shown Mr. Boyd an 87-acre tract of land known as "Bent Tree Farm". Mr.

Boyd encouraged plaintiff to look at the property and on January 17, Ms. Trippet took plaintiff and Mr. Boyd to view "Bent Tree Farm". Before returning to Dallas later that day (January 17), plaintiff signed an offer of $235,000.00 which was presented to defendants by Ms. Trippet. The next day (January 18), defendants presented Ms. Trippet a counteroffer to sell for $260,000.00, and specified it would remain open until 2 o'clock Thursday, January 19. Ms. Trippet relayed the counteroffer to plaintiff on Wednesday afternoon (January 18). Plaintiff then consulted Mr. Boyd for advice and Mr. Boyd called Ms. Trippet to contact defendants. Ms. Trippet testified defendants increased their original offer to $250,000.00. Defendant Ms. Wieser testified that Ms. Trippet relayed to her a firm offer of $250,000.00, and she responded that the offer was unacceptable, that the property was no longer for sale, and that she considered defendants' offer to sell for $260,000.00 rejected by plaintiff making the $250,000.00 offer. Although plaintiff contends she never authorized the $250,000.00 counteroffer, defendants were entitled to rely on the counteroffer communicated by Ms. Trippet since plaintiff had so clothed Ms. Trippet as her agent as to create apparent authority for Ms. Trippet to make the counteroffer. Plaintiff testified that she knew offers were made through agents; that she conducted all her negotiations through Ms. Trippet; that she never gave defendants any reason to believe Ms. Trippet was not her agent; and that Ms. Trippet related offers because plaintiff told her to do so. Plaintiff further testified that she knew Mr. Boyd tried to get her the house for $250,000.00; that she did not object; and that she believes the discussions regarding $250,000.00 should be viewed as a "feeler".

Ms. Wieser testified she told Ms. Trippet on three separate occasions that the offer had been revoked and withdrawn and the property was off the market and not for sale. Ms. Trippet testified she gave plaintiff actual notice of such revocation early in the morning of Thursday, January 19, 1984. Finally, plaintiff's testimony establishes that she had knowledge defendants' $260,000.00 offer had been withdrawn prior to her attempted acceptance of same, and that she did not authorize Ms. Trippet to "accept" the $260,000.00 offer until she had knowledge of its revocation.

■ We think under the record as a whole there is ample evidence to sustain the trial court's Findings 2 through 5 and that such findings are not against the great weight and preponderance of the evidence as to be manifestly wrong. *In re King's Estate*, S.Ct., 150 Tex. 662, 244 S.W.2d 660.

Points 5 and 6 assert the trial court erred in concluding as a matter of law that no contract was formed for the sale of the real estate in question, and erred as a matter of law in concluding defendants were entitled to a take-nothing judgment.

A counteroffer is an offer made by an offeree to his offeror relating to the same matter as the original offer and proposing a substituted bargain differing from that proposed by the original offer.

■ An offeree's power of acceptance is terminated by the making of a counteroffer, unless the offeror has manifested a contrary intention or unless the counteroffer manifests a contrary intention of the offeree. Restatement (Second) of Contracts § 39. In *Radford Grocery Co. v. Noyes*, CCA (Austin) NWH, 293 S.W. 653, the rule was expressed thusly: "A counteroffer by the offeree, relating to the same matter as the original offer, is a rejection of the original offer, unless the offeree at the same time states in express terms that he is still keeping the original offer under advisement".

■ Plaintiff made a counteroffer of $250,000.00 without stating the original offer was still under advisement. Defendants terminated their original offer and took the property off the market. The trial court's conclusions of law are correct.

Points 5 and 6 are overruled.

AFFIRMED.