ACCEPTED
12-15-00277-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/22/2015 2:16:40 PM
Pam Estes
CLERK

Case Number 12-15-00277-CV

IN THE TWELFTH DISTRICT COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/22/2015 2:16:40 PM
PAM ESTES
Clerk

at Tyler

_____

*In Re AAA Texas County Mutual Insurance Company*,

Relator.

_____

Original Proceeding from Cause Number 2014-1365-A pending in the 188th
Judicial District Court of Gregg County

_____

**RELATOR AAA TEXAS COUNTY MUTUAL
INSURANCE COMPANY'S REPLY BRIEF**

_____

**WALTERS, BALIDO & CRAIN, L.L.P.**

**Gregory R. Ave**
State Bar Number 01448900
greg.ave@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas  75231
Telephone Number (214) 347-8310
Facsimile Number (214) 347-8311

ATTORNEYS FOR RELATOR AAA TEXAS
COUNTY MUTUAL INSURANCE COMPANY

**December 22, 2015**

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

INDEX OF AUTHORITIES ............................................................................ ii

ARGUMENT & AUTHORITIES ..........................................................................1

A.    Introduction & Overview ........................................................1

B.    AAA'S Offer Was To Fully Conclude Thomas's UIM Claim ................2

C.    Jackson's Rejection Of AAA's Offer And Jackson's Counter-Offer Were Before The Trial Court .........................................7

CERTIFICATE OF COMPLIANCE .............................................................11

CERTIFICATE OF SERVICE ................................................................12

# INDEX OF AUTHORITIES

## Cases

*American Nat'l Ins. Co. v. Warnock*, 114 S.W.2d 1161 (Tex. 1938) .....................5

*Blackstone v. Thalman*,
949 S.W.2d 470 (Tex. App.--Houston [14th Dist.] 1997, no writ) ....................6

*Donzis v. McLaughlin*, 981 S.W.2d 58
(Tex. App.--San Antonio 1998, no pet.) ............................................................4

*Figueroa v. Davis*, 318 S.W.3d 53
(Tex. App.--Houston [1st Dist.] 2010, no pet.) ...................................................7

*Gardner v. Martin*, 345 S.W.2d 274 (Tex. 1961) ...................................................8

*Gulf Coast Farmers Co-op v. Valley Co-op Oil Mill*,
572 S.W.2d 726 (Tex. Civ. App.--Corpus Christi 1978, no writ).......................5

*Hernandez v. Telles*, 663 S.W.2d 91
(Tex. App.--El Paso 1983, no writ) .....................................................................5

*In re C.S.*, 208 S.W.3d 77
(Tex. App.--Fort Worth 2006, pet. denied) ........................................................8

*Legal Sec. Life Ins. Co. v. Ward*,
373 S.W.2d 693 (Tex. Civ. App.--Austin 1963, no writ)............................... 6-7

*Liberty Mut. Ins. Co. v. Burk*,
295 S.W.3d 771 (Tex. App.--Fort Worth 2009, no pet.) ....................................8

*Sierad v. Barnett*, 164 S.W.3d 471 (Tex. App.--Dallas 2005, no pet.) ............. 8-9

*Thurmond v. Wieser*, 699 S.W.2d 680 (Tex. App.--Waco 1985, no writ)...........6

## Other Authorities

AMERICAN HERITAGE® DICTIONARY
OF THE ENGLISH LANGUAGE, Fifth Edition .............................................................3

COLLINS ENGLISH DICTIONARY.................................................................................3

MERRIAM-WEBSTER NEW AMERICAN DICTIONARY ..............................................3

RANDOM HOUSE KERNERMAN WEBSTER'S
COLLEGE DICTIONARY, © 2010 ...............................................................................3

TEXAS CIVIL PRACTICE & REMEDIES CODE ANN. § 154.071(a) ............................3

TEXAS RULE OF EVIDENCE 201....................................................................................3

**A.    INTRODUCTION AND OVERVIEW**

In the face of well-established Texas precedent, Real-Party-in-Interest Thomas Jackson ("Jackson") can only marshal naked assertions that the settlement offer made by Relator AAA Texas County Mutual Insurance Company ("AAA") was as to the undisputed amount Jackson is purportedly entitled to recover, and was not an offer to settle his claim for underinsured motorist ("UIM") benefits.  Moreover, Jackson incorrectly argues AAA's settlement offer (of April 28, 2014) and his rejection (of May 2, 2014) were not considered by the trial court when it denied AAA's motion to sever and abate.

**B.    AAA'S OFFER WAS TO FULLY CONCLUDE THOMAS'S UIM CLAIM**

Jackson's response precariously rests on the legally erroneous premise that he and AAA agreed that AAA's $20,000.00 settlement offer merely represented an undisputed portion of his UIM claim.  This ignores the plain language of the settlement offer and established Texas jurisprudence – a counter-offer constitutes, as a matter of law, the rejection of the prior offer.

Jackson appears to believe that *he alone* possessed the unilateral right to characterize AAA's settlement offer as he sees fit (*i.e.*, that AAA's offer was not to resolve his entire UIM claim), and that if he characterizes the offer as only as to the "undisputed amount" enough times, it somehow becomes true. Yet, this ignores the specific terms of AAA's offer. AAA's straightforward settlement offer was (1) a rejection of Jackson's per person UIM limits demand, (2) a counter-offer to resolve Jackson's UIM claim in its entirety, and (3) an attempt to conclude Jackson's UIM claim:

> We have had an opportunity to thoroughly review the facts and circumstances surrounding the referenced loss as well the medical documentation you have provided. Unfortunately, we are unable to accept your demand.
>
> However, in an effort to resolve this matter, we are willing to **offer [Jackson] $20,000.00 UIM to resolve his claim**. This offer is additional to the $30,000.00 paid by the adverse carrier and the $5,000.00 Personal Injury Protection (PIP) benefits previously paid.
>
> Please **present our offer to** your client and contact me at the telephone number listed below so we may discuss and **conclude this matter**.

[MR 1] (emphasis added).

2

It is apparent the $20,000.00 offer was to "conclude" Jackson's UIM claim in its entirety and to "resolve this matter" – both of which are the hallmarks of an offer to settle and not a piecemeal resolution or partial payment of Jackson's UIM claim. Indeed, the commonly understood meaning of "resolve" is:

➣ "to settle" or "to bring a matter to conclusion" (MERRIAM-WEBSTER NEW AMERICAN DICTIONARY);

➣ "to bring to a usually successful conclusion," (AMERICAN HERITAGE® DICTIONARY OF THE ENGLISH LANGUAGE, Fifth Edition); and

➣ "to bring to an end, conclude" (COLLINS ENGLISH DICTIONARY).

Similarly, the word "conclude" is generally understood to mean:

➣ "to bring to an end," "to bring about a final agreement or settlement," "to come to an end" (AMERICAN HERITAGE® DICTIONARY OF THE ENGLISH LANGUAGE, Fifth Edition);

➣ "to come or cause to come to an end or conclusion," "to arrange finally, settle" (COLLINS ENGLISH DICTIONARY); and

➣ "to bring to an end, finish," "to bring to a decision or settlement," "to decide, determine, or resolve," "to come to an end" (RANDOM HOUSE KERNERMAN WEBSTER'S COLLEGE DICTIONARY, © 2010).

As is apparent, AAA's offer was to bring finality, to settle, resolve, end, and conclude Jackson's UIM claim in exchange for $20,000.00. Jackson's efforts to frame AAA's settlement offer a partial resolution of his claim is nonsensical, flies in the face of logic, and completely ignores the specific wording and terms of the settlement offer. Based on a plain reading of the settlement, it is clear it was an offer to settle Jackson's entire UIM claim.

Nevertheless, to support his contention that AAA's $20,000.00 offer represented a "partial settlement," Jackson asserts a breach of contract claim, insisting AAA's failure "to tender [the $20,000.00] . . . forms the basis of [his] breach of contract claims[.]" [MR 131.] However, for there to be a settlement or a "partial" settlement agreement – even one made orally – all of the requirements for a valid and enforceable contract must be present. *Donzis v. McLaughlin*, 981 S.W.2d 58, 61 (Tex. App.–San Antonio 1998, no pet.).

"If parties reach a settlement agreement it is enforceable in the same manner as any other written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 154.071(a). For there to be an enforceable agreement to settle a dispute, "there must be an offer of compromise, a meeting of the minds of the

4

parties, and an unconditional acceptance within the time and on the terms offered." *Hernandez v. Telles*, 663 S.W.2d 91, 93 (Tex. App.--El Paso 1983, no writ). **A binding settlement agreement must have an offer and an acceptance, and the offer must be accepted in compliance with its terms**. *American Nat'l Ins. Co. v. Warnock*, 114 S.W.2d 1161, 1164 (Tex. 1938). The offer must be clear and definite, just as there must be a clear and **definite acceptance of all terms** contained in the offer. *Gulf Coast Farmers Co-op v. Valley Co-op Oil Mill*, 572 S.W.2d 726, 737 (Tex. Civ. App.–Corpus Christi 1978, no writ).

Here, it is obvious Jackson did not accept all of the terms of AAA's offer. [MR 2.] That is, four days after AAA made the offer to resolve the entire UIM claim, Jackson made a counteroffer and, as a matter of law, rejected AAA's $20,000.00 offer to settle his UIM claim. [MR 2.] Jackson's rejection of AAA's offer necessarily terminated AAA's offer.

> This letter is to request that you forward a check in the amount of [AAA's] evaluation payable to this firm and your insured, [Jackson]. Because [Jackson] vehemently disagrees with AAA's evaluation of the value of his claim, the payment of this amount is in no way to be considered "settlement" of [Jackson] [sic] UIM claim with AAA for the injuries that he sustained in the subject collision.

> Please confirm in writing that you will forward the $20,000.00 payment as requested and that [Jackson] may negotiate the check without the negotiation being considered any type of release of her [sic] rights to seek additional amounts under the policy in the future.

[MR 2.]

Jackson did not accept the terms of AAA's offer, as required to create an enforceable settlement agreement. The parties disagreed as to the monetary valuation of Jackson's UIM claim; therefore, there could not be a meeting of the minds, and Jackson clearly did not unconditionally accept AAA's offer.

A "counteroffer constitutes a rejection, not an acceptance, of the original offer." *Blackstone v. Thalman*, 949 S.W.2d 470, 473 (Tex. App.–Houston [14th Dist.] 1997, no writ). An offeree's power of acceptance is terminated by the making of a counteroffer, unless the offeror has manifested a contrary intention or unless the counteroffer manifests a contrary intention of the offeree. *Thurmond v. Wieser*, 699 S.W.2d 680, 682 (Tex. App.--Waco 1985, no writ). Once it has been terminated by the making of a counteroffer, an offeree's power to accept the original offer cannot be revived by later accepting the offer. *See Legal Sec. Life Ins. Co. v.*

6

*Ward*, 373 S.W.2d 693, 698 (Tex. Civ. App.–Austin 1963, no writ) (rejection of an offer terminates it, and it cannot be revived by later acceptance); *see also Figueroa v. Davis*, 318 S.W.3d 53, 68-69 (Tex. App.–Houston [1st Dist.] 2010, no pet.). Thus, Jackson's counter-offer (*i.e*, change in the terms proffered by AAA) means AAA's settlement offer no longer existed.

Simply from a public policy perspective, permitting Jackson to unilaterally change the terms of AAA's offer and self-servingly re-characterize it as an enforceable agreement to settle a portion of a claim – without any clear and express language stating as much – would have a chilling effect on a party's ability to make an offer to settle or to even enter into settlement negotiations and rather than avoid litigation, it would actually promote litigation. By its clear and explicit terms and established Texas precedent, AAA's offer was a settlement offer to conclude, resolve, and bring to a conclusion Jackson's claim for UIM benefits.

C. **JACKSON'S REJECTION OF AAA'S OFFER AND JACKSON'S COUNTER-OFFER WERE BEFORE THE TRIAL COURT**

Jackson attached AAA's offer of settlement (of April 28, 2014) and his rejection (of May 2, 2014) to his original petition, first amended petition, and, by reference, his second amended petition. [MR 220, 8-9, 220, 224-26,

7

232.]  Moreover, in his response to AAA's motion to sever and abate, Jackson expressly referenced AAA's settlement offer, as well as his counter-offer.  [MR 129, 131.]  Simply put, AAA's offer and Jackson's rejection and counter-offer are part of the record.[1]

"It is well recognized that a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties."  *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961) (citations omitted).  In fact, it is appropriate for a court to take judicial notice of a file in order to show that the documents in the file are a part of the court's files, that they were filed with the court on a certain date, and that they were **before the court at the time of the hearing**.  *In re C.S.*, 208 S.W.3d 77, 81 (Tex. App.–Fort Worth 2006, pet. denied); *see also* TEXAS RULE OF EVIDENCE 201.  In fact, a trial court may *sua sponte* take judicial notice of the documents, exhibits, and evidence in its file, and in doing so the trial court is considered to have had such evidence before it when it makes an order.  *See Liberty Mut. Ins. Co. v. Burk*, 295 S.W.3d 771, 779 (Tex. App.–Fort Worth 2009, no pet.); *Sierad v. Barnett*, 164 S.W.3d 471,

---

[1] AAA's $20,000.00 settlement offer was the central subject of the hearing on AAA's request to sever and abate.  [*See* MR 191-99.]

8

481 (Tex. App.–Dallas 2005, no pet.). Thus, once the trial court took judicial notice of its file, the settlement offer was evidence before the trial court when it denied AAA's motion to sever and abate.

More specifically, in the trial court's order denying AAA's motion to sever and abate the extra-contractual claim, the trial court specifically stated that:

> The court, after reviewing the arguments of counsel **and reviewing the documents on file**, is of the opinion that said motion should be DENIED.

[Tab A & MR 138] (emphasis added).

The trial court unquestionably had before it evidence demonstrating AAA's offer to settle Jackson's UIM claim in its entirety, and that the offer was *not* a "partial settlement," and that Jackson's counter-offer constituted a rejection of same. Therefore, the trial court abused its discretion when it denied AAA's request that it sever and abate Jackson's extra-contractual claims.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY:     */s/ Gregory R. Ave*
        GREGORY R. AVE
        Texas Bar No.: 01448900
        greg.ave@wbclawfirm.com
        JAY R. HARRIS
        Texas Bar No.: 00793907
        Meadow Park Tower, Suite 1500
        10440 North Central Expressway
        Dallas, Texas 75231
        Telephone:  214-347-8310
        Facsimile:   214-347-8311

        ATTORNEYS FOR RELATOR AAA TEXAS
        COUNTY MUTUAL INSURANCE
        COMPANY

10

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that this brief complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4(i)(2)(B). Exclusive of the exempt portions identified by Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 1,790 words, including footnotes, headings, and quotations. In providing this word-count, the undersigned is relying on the word count generated by the computer program used to prepare the brief.

This brief has been prepared in proportionally spaced type, 14-point text, and in Book Antiqua font, using the computer program known as Microsoft Word (2010 version).

Acknowledged: December 22, 2015.

*/s/ Gregory R. Ave*
GREGORY R. AVE

## CERTIFICATE OF SERVICE

This is to certify that on this the 22nd day of December, 2015 a true and correct copy of the above document has been forwarded to all counsel of record in compliance with the Texas Rules of Civil Procedure.

The Honorable Judge David Brabham      **Via hand delivery**
Judge of the 188th Judicial District Court of Gregg County
Gregg County Courthouse
101 East Methvin, Suite 408
Longview, Texas 75601

Justin A. Smith, Esquire      **Via E-Serve**
Glenn A. Perry, Esquire
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Longview, Texas 75601

ATTORNEYS FOR REAL PARTY
IN INTEREST THOMAS JACKSON

*/s/ Gregory R. Ave*
Gregory R. Ave