# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2020

Lyle W. Cayce
Clerk

No. 19-40951
Summary Calendar

ENRIQUE VALENZUELA, JR.; MARISELA VALENZUELA,

     Plaintiffs - Appellants

v.

THE BANK OF NEW YORK MELLON, As Trustee for the Certificate Holders, CW ALT, Incorporated, Alternate Loan Trust 2007-22 Mortgage Pass Through Certificates, Series 2007-22,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CV-36

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Enrique and Marisela Valenzuela appeal summary judgment in favor of The Bank of New York Mellon on claims relating to their home loan, which has an unpaid balance of more than $1.5 million. The Valenzuelas wish to offset that balance, contending that accrued interest and charges have arisen because of misconduct attributable to the Bank. Having lost at the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40951

court on all claims, the Valenzuelas continue to press two claims on appeal: promissory estoppel and fraud. We find no error of law or reversible error of fact in the district court's judgment, however, and thus **AFFIRM.**

In June 2007, Enrique Valenzuela signed a home equity note for $770,000. In 2008, the Valenzuelas "began to have difficulty paying the monthly mortgage payments." Since November 1, 2009, the Valenzuelas have been delinquent in their payments, paying nothing. At various points, they have applied for loan modification, including to Bank of America, when it was the holder of their loan. That application, which is the one relevant to the issues on appeal, was acknowledged as received on November 2, 2009.

According to the Valenzuelas, they were "advised that the processing period [for the loan modification] would take about 90-120 days." On this basis, the Valenzuelas raised a promissory estoppel claim before the district court, but the magistrate judge, whose report the district court adopted, rejected that claim.

Reviewing *de novo* in light of the briefs and pertinent portions of the record, we agree with the district court that the "advi[ce]" allegedly received by the Valenzuelas was not an "actual promise" that was "sufficiently specific and definite so that it would be reasonable and justified for the promisee to rely on it as a commitment to future action," *Ogle v. Hector*, No. 03-16-00716-CV, 2017 WL 3379107, at *2 (Tex. App. Aug. 2, 2017) (quoting *Davis v. Texas Farm Bureau Ins.*, 470 S.W.3d 97, 108 (Tex. App. 2015)). Without a promise, no promissory estoppel is possible.[1] *Id.*

Also under *de novo* review, the Valenzuelas' second claim fails, too. They contend on appeal that, in August 2011, an unnamed Bank of America

---

[1] We assume without deciding that the Valenzuelas' promissory estoppel claim was not barred by the Statute of Frauds.

representative in McAllen, Texas, fraudulently misrepresented that the loan modification was still in process and needed additional documentation. The district court, again by adopting the magistrate's report, rejected this fraud claim for failure to set out specific facts, lack of scienter, and violation of the economic-loss rule.

The first foundation suffices. In seeking summary judgment, the Bank argued that there was "no summary judgment evidence of fraud." In response, as the adopted magistrate's report noted, the Valenzuelas "merely state[d] that the complaint and Enrique Valenzuela's affidavit 'provide the necessary who, what, when, where and how allegations of fact to support the fraud claims made by Plaintiffs.'"

At summary judgment, though, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(a). The Valenzuelas' pointer to certain materials in the whole was insufficiently particular to create a genuine dispute of fact. *See Whalen v. Carter*, 954 F.2d 1087, 1098 (5th Cir. 1992). Moreover, no sworn allegation of fact in the cited materials supports, for example, that the Bank of America representative's alleged misrepresentation was knowing or reckless.[2] *Cf. JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (requiring knowledge or recklessness to establish fraud). The Valenzuelas' failure to

---

[2] On appeal, the Valenzuelas insist that a May 21, 2011, letter introduced by the defendant shows that Bank of America had already denied the request for loan modification and that this creates a genuine dispute about whether the Bank of America representative knowingly or recklessly misrepresented. The Valenzuelas made no such argument at summary judgment, however, and their cited materials in themselves establish, if anything, a genuine dispute about whether "a letter from Bank of America purporting to deny our modification request" was ever sent.

No. 19-40951

create a genuine dispute regarding the necessary elements of fraud left the Bank entitled to the summary judgment that the district court granted.

**AFFIRMED.**