**Affirmed and Memorandum Opinion filed July 9, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00547-CV

---

## SELVA KUMAR, Appellant

## V.

## JET LENDING, LLC, Appellee

---

### On Appeal from the 80th District Court
### Harris County, Texas
### Trial Court Cause No. 2022-19754

---

## M E M O R A N D U M   O P I N I O N

Appellant Selva Kumar filed suit against appellee Jet Lending, LLC after Kumar applied for, but did not receive, a loan from Jet. Kumar challenges a summary judgment rendered in Jet's favor. In his first four issues, Kumar contends that the trial court erroneously granted summary judgment to Jet on Kumar's claims of promissory estoppel, fraud by misrepresentation, fraud by concealment, and breach of contract because he raised a genuine issue of material fact or because Jet failed to disprove as a matter of law the elements of Kumar's claims. In his fifth

issue, Kumar contends the trial court should have struck Jet's summary-judgment evidence because it was submitted before Jet served its initial disclosures. Finally, in issue six, Kumar contends the trial court should not have granted summary judgment because Jet's motion was filed before Jet served its disclosures.

After a thorough review of the record, we overrule Kumar's issues and affirm the trial court's judgment.

## Background

Jet is "an asset-based lender for real estate investments." Kumar applied for a loan with Jet in April 2018 and resubmitted his application in May 2018. By signing the loan applications, Kumar agreed that he understood "loan approval will not result from the submission of the application." Jet provided Kumar with an "Approval Confirmation," which explicitly stated it was "Pending Appraised Value & Underwriter Approval." Ultimately, Jet did not approve the loan to Kumar.

Kumar, representing himself, sued Jet. In his original petition, he alleged the following:

- Kumar filed for Chapter 7 bankruptcy in July 2017;

- around that same time, he sued a former employer for wrongful termination based on alleged racial discrimination;

- the bankruptcy trustee "expressed an interest in pursuing the case on behalf of the estate";

- Kumar estimated the "value of the case" at over $250,000;

- the bankruptcy trustee accepted Kumar's claim and the court approved it, setting a compromise hearing for May 22, 2018;

- Kumar decided to pursue the wrongful termination lawsuit himself and sought to "buy-out the Trustee's interest in the case";

- to do so, Kumar sought to refinance the mortgage on his home, which had enough equity to qualify him for a $15,000 loan;

2

- "[b]y procuring the refinancing, [Kumar] could buy back the exclusive right to pursue his wrongful termination lawsuit independently of the Trustee";

- Kumar met with Jet in late April 2018 to secure a "refinance loan";

- Jet was aware of Kumar's "bankruptcy filings and proceedings";

- Jet's representatives assured Kumar that they "did not care about the bankruptcy" proceedings and assured him "if the title company approves it, we will give you the loan";

- Kumar paid for an immediate appraisal of his home, which was performed on May 8, 2018;

- Jet sent Kumar a letter of approval, "reaffirming the promises made";

- Jet hired a title company to perform title work;

- the title company informed Kumar that it would require an order from the bankruptcy judge before it would issue "a clear title to complete the loan";

- Jet did not inform Kumar of this requirement and did not seek a waiver of the requirement; and

- Jet informed Kumar late in the process that the homestead exemption on his home would need to be removed before loan approval.

Based on these allegations, Kumar asserted claims against Jet for negligence, gross negligence, misrepresentation, fraudulent concealment, "promissory fraud," breach of contract, breach of fiduciary duties, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress.

Jet generally denied Kumar's allegations and raised several affirmative defenses. Thereafter, counsel appeared on Kumar's behalf. Jet filed a motion for traditional summary judgment, pointing out that Kumar's claims for negligence, gross negligence, breach of the covenant of good faith and fair dealing, and intentional inflection of emotional distress were barred by the applicable two-year

3

statutes of limitations. Jet also contended that Kumar's breach of contract claim failed because there was no contract between Jet and Kumar; his breach of fiduciary duty claim failed because there was no fiduciary relationship between Jet and Kumar; his fraudulent inducement claim failed because the parties never entered into a contract and Jet did not make any false material misrepresentations; and Kumar's fraud by nondisclosure claim failed because Jet did not have a duty to disclose.

Kumar amended his petition to omit the claims that were barred by limitations, but his factual allegations and the evidence attached to his petition remained unchanged. Kumar also responded to Jet's summary-judgment motion. First, he argued that Jet's motion "should be stricken and dismissed as being untimely because discovery has not been completed and responses to interrogatories and request for production by [Jet] are pending. . . ." Second, Kumar contended that he raised a genuine issue of material fact as to each element of his claims, based on his attached unsworn declaration generally restating the facts described above that were contained in his original petition. Kumar also objected to Jet's summary-judgment evidence because he asserted that Jet failed to serve its disclosures before it filed its summary-judgment motion. Jet responded that Kumar's objection should be overruled because the evidence to which Kumar objected was evidence that Kumar attached to his petition.

Without ruling on Kumar's objection, the trial court granted Jet's summary-judgment motion and dismissed all of Kumar's claims with prejudice. Kumar timely filed a motion for new trial, which was overruled by the trial court.

4

## Analysis

### A.     Standard of Review

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  Because the trial court's summary judgment does not specify the ground or grounds on which it was granted, we uphold the court's judgment if properly supported by any ground asserted in the motion. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Dorsett*, 164 S.W.3d at 661.

A traditional summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).  A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508-09 (Tex. 2010).  Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)

### B.     Application

In his first four issues, Kumar contends the trial court erred in granting summary judgment on his claims for promissory estoppel, fraud by misrepresentation, fraud by concealment, and breach of contract because Jet did not disprove any elements of these claims as a matter of law and because he raised a genuine, material fact issue as to each element of all claims.  In issue five, Kumar argues the trial court erred by not striking Jet's summary-judgment evidence because

5

the evidence was submitted before Jet served its initial disclosures. In his final issue, Kumar complains that the trial court erred in granting summary judgment because the motion was filed before Jet served its initial disclosures. We address each of these issues in turn.

1. *Promissory-estoppel claim*

The elements of promissory estoppel are (1) a promise, (2) foreseeability of reliance by the promisor, (3) substantial and reasonable reliance by the promise to its detriment, and (4) enforcing the promise is necessary to avoid injustice. *Griffith Truck & Equip., Inc. v. Flash Tank Servs., Inc.*, No. 14-21-00331-CV, 2022 WL 2920693, at *4 (Tex. App.—Houston [14th Dist.] July 26, 2022, no pet.) (mem. op.) (citing *Collins v. Walker*, 341 S.W.3d 570, 573-74 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 166 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)). In issue one, Kumar contends that there is a genuine, material fact issue for each element required to establish a promissory-estoppel claim (referred to as "promissory fraud" in his live pleading). We disagree; Kumar's promissory-estoppel claim falls short on the first element.

To support a claim of promissory estoppel, there must be an actual promise; when there is no evidence that the purported promisor "definitively and unconditionally promised" anything, then a purported promisee has no claim for promissory estoppel. *E.g.*, *Davis v. Tex. Farm Bureau Ins.*, 470 S.W.3d 97, 108 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (summary judgment appropriate on promissory-estoppel claim; "there was no evidence that Texas Farm Bureau definitively and unconditionally promised Davis anything"). In the "Promissory Fraud" section of his petition, Kumar alleged that Jet, through its agents, promised "he would receive the home refinance loan," but that Jet "did not intend to keep or maintain the promise when they made it." However, Kumar filed multiple pleadings

6

and declarations in which he acknowledged that Jet never unconditionally promised him a loan. For example, in the declaration he attached to his live pleading, Kumar stated that Jet's loan officer told him, "*as long as the underwriter approves it*, we will give you a loan." In the declaration Kumar attached to his summary-judgment response, Kumar similarly stated that Jet told him his bankruptcy would not hinder the loan "*if the title company approves it.*" Additionally, the loan applications stated that "loan approval will not result from the submission of the application," and the Approval Confirmation stated it was "Pending Appraised Value & Underwriter Approval." Jet conclusively established that it did not make a definite and unconditional promise to Kumar to provide him a loan.

The summary-judgment evidence demonstrates that an essential element of Kumar's promissory-estoppel claim—an actual promise—is absent. *See id.*; *see also Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 336 (Tex. App.—Austin 2001, no pet.) ("To enforce a representation by promissory estoppel, the first requisite is an actual promise."); *cf. Ford v. City State Bank*, 44 S.W.3d 121, 139-40 (Tex. App.—Corpus Christi 2001, no pet.) (defendant required to establish he met conditions of offer in order to raise fact question on application of promissory-estoppel doctrine). Because Jet negated as a matter of law an essential element of Kumar's claim, the trial court did not err in granting summary judgment on Kumar's promissory-estoppel claim. *See Davis*, 470 S.W.3d at 108; *Stable Energy*, 52 S.W.3d at 336; *see also Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 754 (Tex. App.—San Antonio 1998, no pet.) ("[T]he Vogels had no basis for relying on a promise to consider extending the loan without first complying with the conditions put on the promise.").

We overrule Kumar's first issue.

## 2. *Fraud (misrepresentation) claim*

To establish a fraud claim, Kumar must demonstrate that: (1) Jet made a material representation; (2) the representation was false; (3) Jet knew the representation was false or made it recklessly without any knowledge of its truth; (4) Jet intended to induce Kumar to act on the representation; and (5) Kumar justifiably relied on the representation, which caused him injury. *See Int'l Bus. Machs. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 228 (Tex. 2019).

In the "Fraud-Intentional Misrepresentation" section of his live pleading, Kumar alleged that Jet falsely represented that "it would ensure [Jet] would lend him the monies in order to refinance his property and provide him the cash he needed prior to the impending bankruptcy proceeding." However, as noted above, Kumar's own declarations state that Jet's loan officer told Kumar that Jet would provide a loan only if the underwriter approved it and that Kumar's bankruptcy proceedings would not prevent the loan if the title company approved it. Thus, Kumar offered no evidence that Jet made any false statements. *Cf., e.g.*, *Rosenberger v. LeMaster*, 678 S.W.3d 549, 567-68 (Tex. App.—Houston [14th Dist.] 2023, no pet.).

Further, as Jet argued in its summary-judgment motion, Kumar could not have reasonably relied on any representations that his loan would be approved when the loan applications and the approval confirmation explicitly stated that there were additional conditions that needed to be met and that Jet was not obligated to approve Kumar's application. *See, e.g.*, *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010) ("[A] person may not justifiably rely on a representation if there are red flags indicating such reliance is unwarranted." (internal quotations omitted)); *see also Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 559 (Tex. 2019) ("Because Carduco's claim of fraudulent inducement is directly contradicted by the contract's terms, we agree that there could

8

be no justifiable reliance here as a matter of law.").[1]  Kumar offered nothing to counter Jet's assertions.

Accordingly, Jet conclusively established neither that it made a false representation to Kumar nor that Kumar could have justifiably relied on any such representation, and Kumar failed to raise a material fact issue on these elements. Thus, the trial court did not err in granting summary judgment on Kumar's fraud (misrepresentation) claim.

We overrule Kumar's second issue.

### 3. *Fraud (concealment) claim*

"Fraud by non-disclosure, a subcategory of fraud, occurs when a party has a duty to disclose certain information and fails to disclose it." *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219 (Tex. 2019).  The elements of fraud by non-disclosure include:  (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose these facts to the plaintiff; (3) the plaintiff was ignorant of the facts and lacked an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the non-disclosure; and (5) the plaintiff relied on the non-disclosure, which

---

[1] The alleged misrepresentations concern Jet's future conduct—i.e., that it would issue a loan in the future.  In other words, Kumar alleged that Jet made false promises of future performance.  Such a claim may be actionable only when the promise of future performance was made with no intention of performing at the time it was made. *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774-75 (Tex. 2009).  This species of fraud, known more commonly as fraudulent inducement, only arises in the context of a contract. *See Mercedes-Benz USA*, 583 S.W.3d at 557.  Thus, "'the existence of a contract is an essential part of its proof.'" *Id.* (quoting *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018)).  As we explain *infra*, Kumar cannot establish that he and Jet entered into a contract.  Jet sought summary judgment on this ground, and the trial court also may have properly granted summary judgment on Kumar's fraudulent inducement claim on this basis.

resulted in injury. *Id.* at 219-20. Generally, there is no disclosure duty absent a confidential or fiduciary relationship. *Id.* at 220.

In its summary-judgment motion, Jet conclusively established that there was no confidential or fiduciary relationship between it and Kumar. *E.g.*, *Love & Joy Servs., LLC v. Unity Nat'l Bank*, No. 14-19-00082-CV, 2021 WL 1685192, at *7 (Tex. App.—Houston [14th Dist.] Apr. 29, 2021, pet. denied) (mem. op.) ("Texas courts have held that the relationship between a borrower and a lender is not a fiduciary one.").

In response to Jet's summary-judgment motion, Kumar argued:

> Defendant Jet concealed/failed to disclose material facts related to the loan such as the need for a letter from the bankruptcy judge and the removal of the home[stead] exemption. Defendant Jet had a duty to disclose the information to Kumar because Defendant Jet partially disclosed the information to Kumar, which created a substantially false impression.[2]

Kumar, thus, sought to rely on a disclosure duty that may arise when the defendant made a partial disclosure that created a false impression. *Bombardier Aerospace*, 572 S.W.3d at 220. However, Kumar did not identify any partial disclosure Jet made on these topics that could have conveyed a false impression to him. *See, e.g.*, *In re Marriage of Moncur*, 640 S.W.3d 309, 319 (Tex. App.—Houston [14th Dist.] 2022, no pet.) ("Without knowing the context of the prior disclosures, it is impossible to know whether they created either a false impression that [Husband] had a duty to correct or a duty to disclose the whole truth.").

Jet conclusively established that it had neither a confidential nor fiduciary relationship with Kumar. Kumar failed to raise a genuine issue of material fact

---

[2] Kumar's unsworn declaration attached to his response contained nearly identical statements and no details concerning prior disclosures.

regarding whether other circumstances existed that would impose a duty on Jet to disclose. Accordingly, because Jet had no disclosure duty, Kumar's fraud by non-disclosure claim fails. The trial court did not err in granting summary judgment on this claim.

We overrule Kumar's third issue.

4. *Breach of contract claim*

"To prevail on a breach of contract claim, a party must establish the following elements: (1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach." *Atrium Med. Ctr., LP v. Houston Red C LLC*, 546 S.W.3d 305, 311 (Tex. App.—Houston [14th Dist.] 2017), *aff'd*, 595 S.W.3d 188 (Tex. 2020).

Jet conclusively established in its summary-judgment motion that it did not have a contract with Kumar, an essential element of Kumar's breach of contract claim. Parties form a binding contract when the following elements are present: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

First, Jet established that Kumar's loan applications are not contracts because they contain neither an offer nor an acceptance, they do not contain any contract terms, they do not evince mutual assent, and they expressly disavow any intent to be bound. Second, Jet also conclusively established that the Approval Confirmation is not a contract because it did not constitute an offer and acceptance, it lacked contract

11

terms, and it contained language requiring additional contingencies that disavowed Jet's present intent to be bound. Finally, Jet contended that Kumar could not claim breach of an oral contract because he sought a loan to be secured by real property, which is subject to the statute of frauds. *E.g.*, *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 679 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("A real estate loan commitment is subject to the statue of frauds because it is secured by the title to real estate.").

Kumar did not respond to any of these arguments in his response, nor did he submit any evidence of a contract. Instead, he referred to his declaration in which he stated, "Jet promised to complete the loan and provide the loaned funds to me. . . ." But nothing in his declaration establishes that he and Jet had a contract; instead, Kumar's evidence affirmatively shows that there was no contract between the parties. As such, the trial court did not err in granting summary judgment on Kumar's breach of contract claim.

We overrule Kumar's fourth issue.

5. *Disclosure of summary-judgment evidence*

In issue five, Kumar contends that the trial court erred by failing to strike Jet's summary-judgment evidence because the evidence was not timely disclosed. *See* Tex. R. Civ. P. 193.6(a) ("A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed . . . unless the court finds that . . . the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or prejudice the other parties.").

To preserve a complaint for appellate review, a party must timely present it to the trial court and secure an express or implied ruling from the court. *See* Tex. R.

12

App. P. 33.1(a).  Kumar objected to Jet's evidence, but he did not obtain a ruling on his objection.  Because Kumar failed to secure a ruling on his objection to this evidence, he has not preserved this complaint for our review.  *Leonard v. Knight*, 551 S.W.3d 905, 913 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Parkway Dental Assocs., P.A. v. Ho & Huang Props., LLP*, 391 S.W.3d 596, 603-04 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Accordingly, we overrule Kumar's fifth issue.

In his related sixth issue, Kumar contends the trial court erred by granting Jet's summary-judgment motion because it was filed before Jet served its initial disclosures.  Kumar's entire argument in support of this issue appears as follows:

> At the time the motion for summary judgment was filed by Jet, discovery was pending and had not been completed.  Further, Jet had not served its initial disclosures on Kumar.  Accordingly, the motion for summary judgment was premature and the motion should have been.  [sic]

Under our rules of appellate procedure, briefs must contain "a clear and concise argument for the contentions made with appropriate citations to authorities and the record."  *See* Tex. R. App. P. 38.1(i).  Although we must construe briefs liberally so as to avoid disposing of issues without reaching the merits when possible,[3] the complete dearth of applicable argument with citations to authorities or to the record in support of this issue compels us to conclude that Kumar has waived this issue due to inadequate briefing.  *See id.*; *Harrison v. Reiner*, 607 S.W.3d 450, 460 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

Moreover, we note that Jet's summary-judgment evidence consisted solely of Kumar's petition and the evidence Kumar attached to it.  It is difficult to imagine

---

[3] *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

that the evidence Kumar attached to his own petition caused him unfair surprise or prejudice. *Cf. Snowhite Textile & Furnishings, Inc. v. Innvision Hosp., Inc.*, No. 05-18-01447-CV, 2020 WL 7332677, at \*11–12 (Tex. App.—Dallas Dec. 14, 2020, no pet.) (mem. op.) (upholding the admission of undisclosed evidence because, in part, it derived from the opposing party's own discovery).

For the foregoing reasons, we overrule Kumar's sixth issue.

## Conclusion

Having overruled Kumar's issues, we affirm the trial court's judgment.


/s/     Kevin Jewell
Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.